FIRST NATIONAL BANK OF CARLISLE ET AL. v. COEN.

[No. 10910. Filed June 23, 1921.]

1. APPEAL.—*Review.*—*Weighing Evidence.*—The court on appeal will not weigh evidence. p. 144.

2. APPEAL.—*Review.*—*Judgment Supported by Evidence.*—*Conclusiveness.*—A judgment based on a general finding will not be disturbed on appeal, if there is any evidence to support the finding. p. 144.

3. MORTGAGES.—*Failure to Record in County in Which Land is Located.*—*Sale of Land.*—*Purchaser's Right to Rely on Record.* —Where plaintiff purchased land subject to two mortgages, one of which was recorded in another county, but not in the county in which the land was located, and the seller informed him that there was only one mortgage, and the abstract so showed, he had a right to rely thereon, since he was not required to look elsewhere than in the proper record of the county in which the land was located. p. 144.

From Owen Circuit Court; *Robert W. Miers*, Judge.

Action by Mack Ora Coen to quiet title to certain real estate against the First National Bank of Carlisle, Indiana, and others, in which the defendant named filed a cross-complaint to foreclose a mortgage. From a judgment quieting title against cross-complainant's mortgage, the cross-complainant and others appeal. *Affirmed.*

*Inman H. Fowler* and *Walter F. Wood*, for appellants.
*Will R. Vosloh* and *Curtis C. Hendren*, for appellee.

NICHOLS, P. J.—Appellee commenced this action in the circuit court of Greene county to quiet title to certain real estate in Greene county. The venue was changed to the Owen Circuit Court. Appellant First National Bank of Carlisle, filed its cross-complaint asking for foreclosure of a certain mortgage upon said real estate, and also asking for a personal judgment against Roy E. Hurst in the sum of $2,200. Brammer, Combs and Combs filed a disclaimer in the trial court, and file their brief in this court, denying that they are appel-

lants, or that they are in any way participating in this appeal. They are not further mentioned.

The court gave appellant judgment against Hurst for $2,204.70, but gave appellee a decree quieting his title to the real estate involved against appellant's mortgage. The only error assigned is the court's action in overruling appellant's motion for a new trial.

Appellant assigns as reasons for a new trial that the decision of the court is not sustained by sufficient evidence; and that the decision of the court is contrary to law. These specifications involve a consideration of the evidence, which was part oral and contradictory, and appellee takes the well established position, which needs no citation of authority, that this court will not weigh the evidence.

1.

To render judgment for appellee, and against appellant, the trial court was required to find and did find by its general finding that appellee Coen was a bona fide purchaser in good faith; that he paid a valuable consideration; that he purchased without notice of appellant's mortgage; that he traced his title to a common grantor. If there is any evidence to support the general finding, the judgment will not be disturbed.

2.

The evidence shows the following facts: The real estate was conveyed by Roy E. Hurst and wife, October 25, 1918, to Flora B. Combs. At that time there was a $1,000 mortgage to John Funk, properly recorded, and another to the appellant bank for $1,725, dated December 1, 1917, recorded in Sullivan county, but never recorded in Greene county until the day after appellee obtained his deed. Flora B. Combs conveyed the land to Robert F. Brammer. On February 19, 1919, Robert F. Brammer conveyed the land to appellee. The deed was delivered on February 27, 1919. February 28, 1919, appellant recorded its

3.

mortgage in the recorder's office of Greene county, being the day after appellee's deed was recorded. The deed from Hurst to Combs stated it was made subject to two mortgages not to exceed $2,800. But appellee was informed by Combs and Brammer that there was only one mortgage for $1,000 against the real estate. Appellee saw the abstract to the land, was informed that two abstractors had looked up the title and that there existed but one mortgage of $1,000 against the prop-. erty, and the abstract so showed. He had a right to rely thereon. He was not required to look elsewhere than in the proper record of the county in which the land was located. *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 98 N. E. 37, 100 N. E. 376.

The evidence fully sustains the court's general finding.

The judgment is affirmed.